# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| KRANOS CORPORATION, et al.,[1] | Case No. 20-13144 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing date: July 28, 2021, at 1:30 p.m.** <br> **Obj. deadline: July 21, 2021, at 4:00 p.m.** |

## MOTION OF CREDITORS, NIPPON SIGMAX CO., LTD, A JAPANESE CORPORATION AND SIGMAX AMERICA, INC., A CALIFORNIA CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d)(1)

Nippon Sigmax Co., Ltd, a Japanese corporation and Sigmax America, Inc., a California corporation ("Movants"), as creditors and plaintiffs in a pending lawsuit before the United States District Court for the Central District of California, Southern Division-Santa Ana (the "California District Court") styled as *Nippon Sigmax Co., Ltd, a Japanese Corporation; Sigmax America, Inc. a California Corporation, Plaintiffs, vs. Kranos Corporation, Inc. dba "Schutt Sports," a Delaware Corporation; Robert Erb, an Individual; And Does 1 – 50, Defendants,* Case No.: 8:21-cv-00375-DOC (the "Sigmax Lawsuit"), by and through their undersigned counsel, hereby file this Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (the "Motion") and request entry of an order granting Movants relief from the automatic stay in the form attached hereto as **Exhibit A**. In support of the Motion, the Movants respectfully represent as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Kranos Corporation (0195); Field to Field, Inc. (2509); Man in the Arena, Inc. (4753); Kranos RE Corporation (0143); Kranos IP Corporation (0238); Kranos IP II Corporation (8804); Kranos IP III Corporation (4356); Kranos Holding Corporation (5795); Kranos Intermediate Holding Corporation (5814); Kranos Acquisition Corporation (3662); and Kranos Diamond Sports, Inc. (8530).

1

## PRELIMINARY STATEMENT

1. Prior to Kranos Corporation, et al. (the "Debtor") filing its voluntary petition under Chapter 7 of the Bankruptcy Code on December 18, 2020 (the "Petition Date"), the Debtor and Mr. Robert Erb ("Erb") were and are Defendants to the pending Sigmax Lawsuit in the California District Court, presently stayed as to the Debtor only.

2. The Sigmax Lawsuit was originally filed before the Orange County Superior Court on December 4, 2020, in Santa Ana, California and subsequently removed to the California District Court on February 26, 2021, by Erb. (District Dkt. 1 [2].)

3. Movants filed and served a Notice of Stay as to the Debtor with the Santa Ana Superior Court on January 7, 2021, as State Court Dkt. No. 18 in Orange County Superior Court Case No. 30-2020-01173113-CU-BC-CJC ("Orange County Action"). A true and correct copy of Movants' Complaint filed in the Orange County Action is attached to each of Movants' Proofs of Claim filed with this Court respectively as Claim Nos. 1 and 2 on January 18, 2021.

4. The Sigmax Lawsuit currently asserts specific damages against the Debtor and Erb related to fraud, as well as the Debtor's breach of a Distribution Agreement and an Addendum of same. The Movants agreed to and in fact did manufacture custom sporting goods products ordered, purchased, sold, and delivered by the Movants to the Debtor based upon representations by the Debtor and Erb, among others, for prompt payment which never occurred in a principal balance of over $3.269 million, plus additional consequential and punitive damages, along with attorney fees and costs, subject to proof at trial. In addition, the Sigmax Lawsuit alleges 16 other bases for damages against the Debtor and Erb, including, but not limited to fraud, conversion, and violations

---

[2] References herein to the docket in the Sigmax Lawsuit shall be to "District Dkt. __."

of relevant trademark laws. *See* Orange County Action Complaint attached to Movants' Proofs of Claim Nos. 1 and 2.

5. On April 16, 2021, the California District Court entered an order in the Sigmax Lawsuit setting a Scheduling Conference on June 21, 2021, at 8:30 a.m. (District Dkt. 23) to discuss with counsel for each side all issues required pursuant to Federal Rules of Civil Procedure, Rules 26(a) and 26(f), the parties' Joint Rule 26(f) Report filed with the California District Court on June 7, 2021 (District Dkt. 33) regarding the scheduling of a discovery plan, Movants' amendment of the Sigmax Lawsuit regarding the existing causes of action and the addition of Non-Debtor Third-Party Defendants, the prospects of a settlement meeting through a formal mediation as agreed to by the parties on June 9, 2021 (District Dkt. 34), the setting of related dates and deadlines towards trial of the causes of action before the California District Court, the status of the within chapter 7 case, and any and all other issues deemed appropriate by the Honorable David O. Carter, District Court Judge.

6. Movants seek relief from the automatic stay before this Court for permission to amend the Complaint in the Sigmax Lawsuit to: (i) add additional appropriate and/or newly discovered material facts and claims to the Sigmax Lawsuit; (ii) add additional Non-Debtor Third-Party Defendants to the Sigmax Lawsuit, as may be deemed appropriate by the Movants, including, but not limited to: a) Mr. James Andrew Stutts, Jr.; b) Kip Meyer; c) Schutt Acquisition Co., LLC; d) Innovatus Flagship Fund I, LP; e) Certor Sports, LLC; f) Innovatus Capital Partners, LLC; g) Novo Advisors, LLC; h) The Hartford Insurance Company; and i) Chubb Group of Insurance Companies; (iii) conduct written and deposition discovery as may be necessary in the Sigmax Lawsuit as to the Debtor, its former Officers and Directors, including but not limited to Erb, Mr. James Andrew Stutts, Jr., Kip Meyer, and other former employees or officers of the Debtor, and

as to any and all of the listed potential non-Debtor Third Party Defendants, and any other non-Debtor Third Party Witnesses which may become known as relevant to the Sigmax Lawsuit during said discovery; and (iv) to go to Trial and obtain a final, non-appealable judgment in the Sigmax Lawsuit.

7. In summary, regarding the relief from stay requested by the Movants, the relief requested herein is solely limited to amend the Sigmax Lawsuit to add material facts and causes of action, to add appropriate Non-Debtor Third Parties, to conduct discovery related to evidence of alleged damages caused to the Movants, and to hold a trial based thereon in the Sigmax Lawsuit to obtain a final, non-appealable judgment.

8. Movants generally and specifically do not seek relief to recover any damages, property, claims, or causes of actions which are Property of the Debtor's Estate and solely owned by the Debtor's chapter 7 Estate administered by the Trustee, including but not limited to the Estate's causes of action to avoid and recover any fraudulent transfers, preferential transfers, turnover actions, or insurance claims which belong to the Debtor's Estate. To this point, the Sigmax Lawsuit involves claims and theories of legal and equitable recovery pertaining to assets which the Trustee moved to abandoned and the Court issued its Order of Abandonment as to same on or about February 19, 2021 in this matter.

9. To the extent that Movants are successful in obtaining a final, non-appealable judgment against the Debtor in excess of the amounts of their Proofs of Claim currently on file, Movants will amend their Proofs of Claim, to the extent that any damages awarded are not collected from any Third-Party Defendant in the Sigmax Action based on a final, non-appealable judgment entered therein.

10. Movants will withdraw any portion of their filed Proofs of Claim against the Estate, to the extent that said damages recovered from any Third-Party Defendants duplicate the damages which are asserted in their filed Proofs of Claim, or any prospective filed amendments thereto. Moreover, Movants will undertake no collection activity as to the Debtor or any assets belonging to the Debtor as part of the Sigmax Lawsuit.

11. Movants are entitled to relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code "for cause" because: (i) amendment of the Sigmax Lawsuit, the addition of Non-Debtor-Third Parties, the written and Deposition discovery, and the Trial of Movants' causes of action are limited only to damages alleged by the Movants in the Sigmax Lawsuit which will not include recovery of, nor interests in any claims or property interests of the Trustee to the prejudice of the Estate; (ii) continuation of the automatic stay regarding Movants' requested specific relief will cause a significant hardship on the Movants and prevent a final liquidation of its alleged damages against the Debtor limited only to Movants' Proofs of Claim filed against the Estate and a potential recovery against the Non-Debtor Erb, and proposed Non-Debtor Third-Party Defendants, which considerably outweighs any hardship lifting the stay will cause the Estate; and (iii) Movants have demonstrated that their claims against the Debtor, the Non-Debtor Erb, and potential material Non-Debtor Third Parties are not frivolous and have a probability of success on the merits, even if limited to the current Movants' Claims for unpaid Debtor Invoices in the sum of $3,269,879.70.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

13.     The statutory predicates for the relief requested herein are § 362 of the Bankruptcy Code and Local Bankruptcy Rule 4001-1.

## BACKGROUND

14.     This Motion and the Sigmax Lawsuit involves a Distribution Agreement between Debtor and creditor Nippon Sigmax in October 2018 and Addendum thereto entered into between the Debtor, Nippon Sigmax, and Sigmax America in November 2019.  Pursuant to the Distribution Agreement and the Addendum, the Debtor was to purchase and then re-sell inventory belonging to Movants (the "Sigmax Inventory").  Movants' Proofs of Claim as described herein pertain to the Debtor's unpaid invoices as to the Sigmax Inventory.  However, the Sigmax Inventory was abandoned as being an Estate asset via this Court's order of February 19, 2021.

15.     Within the Sigmax Lawsuit, there are fraud claims made directly against Robert Erb ("Erb") (i.e., for his own fraud, rather than being derivative of any fraud attributable to the Debtor) in relation to fraudulent representations and false promises he made in connection with the Addendum to the Agreement.  Since the filing of Sigmax Lawsuit in Orange County Superior Court and the Debtor's filing of its Chapter 7 Petition, Movants have discovered facts and evidence, and additional facts and transactions have occurred, which give rise to additional claims against Erb and other third parties whom Movants intend to name in an amended complaint within the Sigmax Lawsuit as may be deemed appropriate by the Movants, including, but not limited to: a)  Mr. James Andrew Stutts, Jr.; b) Kip Meyer; c) Schutt Acquisition Co., LLC; d) Innovatus Flagship Fund I, LP; e) Certor Sports, LLC; f) Innovatus Capital Partners, LLC; g) Novo Advisors, LLC; h) The Hartford Insurance Company; and i) Chubb Group of Insurance Companies.  The nature of the anticipated additional claims involve, *inter alia*, fraud, conversion, and interference with contract and business relations against Erb and non-debtor third parties.  The additional claims

also may involve fraudulent transfer claims or other equitable relief as to right, title, and interest in the Sigmax Inventory, an asset that has been abandoned and no longer part of the Estate. As they are being directed to an abandoned asset, such fraudulent transfer claims will not represent any effort to avoid and recover any fraudulent transfers, preferential transfers, turnover actions, or insurance claims which solely belong to the Debtor's Estate.

16.   In addition to the foregoing, discovery as may be necessary in the Sigmax Lawsuit as to the Debtor, its former Officers and Directors, including but not limited to Erb, Mr. James Andrew Stutts, Jr., and other former employees or officers of the Debtor, and as to any and all of the listed potential non-Debtor Third Party Defendants, and any other non-Debtor Third Party Witnesses which may become known as relevant to the Sigmax Lawsuit during said discovery. Such discovery will largely be directed to the Sigmax Inventory and any secured or unsecured claims against it, but it may pertain to assets of the Estate and entities whom acquired assets of the Debtor in pre-petition transactions. No collection activity against the Debtor, nor the Estate's assets will be sought or pursued via this discovery.

17.   In addition, there may be insurance policies in the Sigmax Lawsuit which may cover, in whole or in part, Movants' claims against non-debtor individuals such as Erb, James Andrew Stutts Jr.. and Kip Meyer, for actions that they took causing harm to Movants, the recovery against which would be outside the Debtor's Estate.

18.   On January 18, 2021, Movants filed as Creditors of the Estate their Proofs of Claim Nos. 1 and 2 representing the principal amount of $3,269,879.70 for unpaid invoices for custom sporting goods ordered, manufactured, sold, and delivered to the Debtor by the Movants, subject to amendment following proof at Trial of the Sigmax Lawsuit for additional damages, attorney fees, and costs.

**ARGUMENT**

19. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The party seeking relief from the automatic stay has the initial burden of establishing a *prima facie* case that "cause" exists to grant such relief. *See In re Tribune Co.*, 418 B.R. 116, 127 (Bankr. D. Del. 2009) (quoting *In re Rexene Products Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992)). Once the movant establishes a *prima facie* case of cause, the debtor has the burden of establishing that the stay should not be lifted. *See id.* (quoting *In re Rexene*, 141 B.R. at 577); *see also* 11 U.S.C. § 362(g).

20. The Bankruptcy Code does not define "cause" as used in § 362(d)(1) except for including lack of adequate protection as an example. *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120 (Bankr. D. Del. 2015). "Cause [under § 362(d)(1)] is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

21. When a party seeks relief from the automatic stay to continue prepetition litigation, Delaware bankruptcy courts apply a "three part balancing test," which considers: "(i) [w]hether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit; (ii) [w]hether the hardship to the non-bankruptcy party by maintenance of the stay considerably outweighs the hardship to the debtor; and (iii) [w]hether the creditor has a probability of prevailing on the merits." *In re F-Squared Inv. Mgmt. LLC*, 546 B.R. 538, 548 (Bankr. D. Del. 2016) (citing *In re Tribune*, 418 B.R. at 126). (This Court has explained that "the required showing" for this criterion is "very slight," Rexene, 141 B.R. at 577, and that the non-bankrupt party need only show that "their claim is not frivolous." Levitz Furniture Inc., 267 B.R. at 523.

"Even a slight probability of success on the merits" is sufficient to support relief from the automatic stay in an appropriate case. In re Cont'l Airlines, Inc., 152 B.R. 420, 426 (D. Del. 1993).

22.     Here, the balancing test weights heavily in favor of granting relief from the automatic stay.

**A.  No Prejudice to the Estate Will Result from Finalization of the Sigmax Lawsuit**

23.     As set forth above, no damage or prejudice will occur to the Estate by allowing the Movants to amend the Sigmax Lawsuit, add appropriate additional facts and causes of action, add appropriate Non-Debtor Third-Party Defendants, conduct appropriate written and deposition discovery in the Sigmax Lawsuit, and liquidate its damages as to all Defendants at Trial before the United States District Court, and seek to obtain a final, non-appealable judgment.

24.     Again, Movants generally and specifically do not seek relief to recover any damages, property, claims, or causes of actions which are Property of the Debtor's Estate and solely owned by the Debtor's Chapter 7 Estate administered by the Trustee, including but not limited to the Estate's causes of action to avoid and recover any fraudulent transfers, preferential transfers, turnover actions, or insurance claims which solely belong to the Debtor's Estate.

25.     To the extent that Movants are successful in obtaining a final, non-appealable judgment against the Debtor in excess of the amounts of their Proofs of Claim currently on file, Movants will amend their Proofs of Claim, to the extent that any damages awarded are not collected from any Third-Party Defendant in the Sigmax Action based on a final, non-appealable judgment entered therein.

26.     Movants will withdraw any portion of their filed Proofs of Claim against the Estate, to the extent that said damages recovered from any Third-Party Defendants duplicate the damages which are asserted in their filed Proofs of Claim, or any prospective filed amendments thereto.

27.     Further, by allowing the Sigmax Lawsuit to conclude, the Estate, the Trustee, and Non-Debtor Third Parties will avoid having to liquidate or become engaged in litigation over the Movants' Claims, which would result in the accumulation of significant administrative expenses and cause a strain on judicial resources. *See In re Rexene*, 141 B.R. at 577 ("Judicial economy dictates a prompt resolution in a single forum and with the same judge who was originally assigned to the case. '[T]his Court is of the opinion that to begin this litigation anew in this bankruptcy court . . . would certainly result in a waste of judicial resources.'" (quoting *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990)); *see also In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 719 (Bankr. D. Del. 1996) (stating that "judicial efficiency argues strongly in favor of lifting the stay.").

28.     Moreover, Movants have spent and will spend significant time and resources in the Sigmax Lawsuit. Should the stay not be lifted as requested herein, and the litigation starts anew in this Court, the significant efforts in the Sigmax Lawsuit would be lost and be unnecessarily duplicative.

**B.  Maintenance of the Stay Will Cause Hardship to Movants**

29.     Not lifting the stay to permit finalization of the Sigmax Lawsuit will cause significant hardship to Movants to liquidate their Claims and causes of action as to the Estate and Non-Debtor Third Parties. There would also "be an added logistical burden to Movants [and the other Parties to the Sigmax Lawsuit] if forced to litigate [their claims] in Delaware [as] the attorneys, witnesses, documents and parties will all be in a single venue before the United States District Court. *In re Rexene*, 141 B.R. at 574 (concluding that "the added expense of transporting the lawsuit to Delaware is unnecessary.").

30.     Accordingly, Movants maintain that the hardship they and the Estate would endure should the stay not be lifted is substantial and greatly outweighs any minimal hardship lifting the stay would cause, if any, to the Estate.

### C. **The Movants are Likely to Succeed on the Merits of their Claims**

31.     Lastly, as explained by Movants in their currently Filed Proofs of Claim and pending Sigmax Lawsuit, they are likely to succeed on the merits of the Claims against the Debtor at the very least for the principal amount of their unpaid Invoices for goods sold to the Debtor in the sum of $3,269,879.70.  Based on the intended Amended Complaint, Movants believe that they will establish at Trial in the Sigmax Lawsuit significant other damages, based on additional material facts, causes of action, and as against Non-Debtor Third Parties.

32.     Accordingly, Movants submit that they have demonstrated their likelihood of success on the merits of their claims against the Debtor and have certainly meet the "very slight" showing that is required under the probability of success prong. *See In re F-Squared*, 546 B.R. at 548 (stating that "the required showing" of "probability of success on the merits" "on a motion for relief from stay is 'very slight.'"); *In re Rexene*, 141 B.R. at 577-78 ("The required showing [of probability of success on the merits] is very slight. . . . This slight showing is easily met by the fact that there has already been a denial of defendants' motion for summary judgment in the lawsuit."); *In re Tribune*, 418 B.R. at 129 ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.").

## CONCLUSION

WHEREFORE, Movants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting:

a) Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1), so that Movants can:

    (i)    Add additional appropriate material facts and causes of action to the Sigmax Lawsuit;

    (ii)    Add additional Non-Debtor Third-Party Defendants to the Sigmax Lawsuit, as may be deemed appropriate by the Movants, including, but not limited to: a) Mr. James Andrew Stutts, Jr.; b) Kip Meyer; c) Schutt Acquisition Co., LLC; d) Innovatus Flagship Fund I, LP; e) Certor Sports, LLC; f) Innovatus Capital Partners, LLC; g) Novo Advisors, LLC; h) The Hartford Insurance Company; and i) Chubb Group of Insurance Companies; and

    (iii)    Conduct written and deposition discovery as may be necessary in the Sigmax Lawsuit as to the Debtor, its former Officers and Directors, including but not limited to Erb, Mr. James Andrew Stutts, Jr., and Mr. Kip Meyer, and as to any and all of the listed potential non-Debtor Third Party Defendants, and any other non-Debtor Third Party Witnesses which may become known as relevant to the Sigmax Lawsuit during said discovery, and;

    (iv)    Go to Trial and obtain a final, non-appealable judgment in the Sigmax Lawsuit.

b) Waiver of the 14-day stay provided under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

c) Any such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 17, 2021<br>Wilmington, Delaware | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>  /s/ *Mary F. Caloway*  <br>Mary F. Caloway (DE No. 3059)<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19899-8705<br>Telephone: (302) 652-4100<br>Email: mcaloway@pszjlaw.com<br><br>-and-<br><br>**FORTIS LLP**<br><br>Eric J. Hardeman (*pro hac granted*)<br>Paul R. Shankman (*pro hac granted*)<br>650 Town Center Drive, Suite 1530<br>Costa Mesa, CA  92626<br>Telephone: (714) 839-3800<br>Facsimile:  (714) 795-2995<br>Email:ehardeman@fortislaw.com;<br>pshankman@fortislaw.com<br><br>*Counsel to Movants* |