**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| KRANOS CORPORATION, | Case No. 20-13144 (BLS) |
| Debtor. | **RE: Docket Nos. 54, 59, 60** |

**NIPPON SIGMAX CO. LTD AND SIGMAX AMERICA, INC.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

### I.   INTRODUCTION

Though the Trustee has filed an objection[1] [Docket No. 59] (the "Objection") to Creditors/Defendants Nippon Sigmax Co. Ltd and Sigmax America, Inc.'s (collectively the "Sigmax Entities") Motion for Relief from Stay [Docket No. 54] (the "Motion"), it appears to be premised on a misapprehension of the relief requested and the Trustee's argument that the Kranos Corporation ("Kranos") bankruptcy estate would be adversely affected. There is simply no evidence of any adverse effect upon the Kranos estate.

The Objection mistakenly assumes that the relief that the Sigmax Entities request is relief to assert claims against *Kranos* as the debtor. That is not the relief being requested, and the Sigmax Entities make no request that their claims pending in the California Action or sought to be asserted in a First Amended Complaint will be prosecuted against the debtor. The claims sought to be asserted are only against non-debtors Robert Erb ("Erb") and other non-debtor third parties sought to be named in a First Amended Complaint, and they pertain exclusively to inventory (the "Sigmax Inventory") that the Trustee has abandoned and various third-party entities' proclamations of interests therein. These non-debtors are not Kranos, and the claims sought to be asserted against them do not involve any asset of the Kranos estate.

In fact, the Trustee *concedes* that "the Trustee does not oppose the Sigmax lawsuit from proceeding against non-Debtor entities." [See Objection ("Obj.") ¶ 21 at p. 5]. To be clear, that is all the Sigmax Entities are asking for—only to add *additional* non-debtor parties and additional

---

[1] Erb has also filed an objection to the Motion [Docket No. 60] that is merely a regurgitation of the unmeritorious arguments he makes in his Motion to Extend Stay and for Preliminary Injunction (the "Extend Stay Motion') filed in Adv. Case No. 21-50997. The Sigmax Entities filed an objection [Adv. Docket No. 15] to the Extend Stay Motion and incorporate that objection by reference herein.

1

claims and theories of liability against Erb, who is also a non-debtor party.[2] The claims against the debtor would be stayed, until the Trustee has administered and closed the estate. However, the Sigmax Entities should be entitled to proceed against the non-debtor parties in the interim.

The Trustee's argument that relief from stay is being requested to take Kranos' deposition and seek written discovery from the debtor further misapprehends what the Sigmax Entities actually request. The Sigmax Entities merely request the right to take discovery pertaining to the claims that will be asserted against these non-debtor individuals and non-debtor entities. Indeed, the Sigmax Entities have not propounded any discovery to the Trustee in the California Action, nor has the Trustee made any argument or any showing that discovery directed toward any current or anticipated non-debtor defendant would require the Trustee's participation. Nevertheless, the law is clear that even a debtor is not necessarily shielded from discovery as a third-party witness if the discovery sought is in furtherance of the claims against the non-debtor co-defendants.

Accordingly, the Court should grant the Motion so that the Sigmax Entities may proceed with filing a First Amended Complaint in the California Action.

## II.    BACKGROUND

**A.    THE CURRENT STATUS OF THE CALIFORNIA ACTION**

The California Action has been set for trial on March 29, 2022, following a Rule 16(b) scheduling conference that took place on July 13, 2021. [*See* Declaration of Eric J. Hardeman filed in Support of Objection to Robert Erb's Motion to Extend Stay ("Hardeman Decl.") ¶ 2]. The Sigmax Entities have propounded written discovery to Erb and Erb has propounded written discovery to the Sigmax Entities. [*Id.*]. The California Action is therefore well under way. [*Id.*]. Significantly, the Sigmax Entities have not propounded any discovery to the Trustee in the California Action, nor would the Trustee's involvement be necessary, as Kranos and/or Erb presumably both retain access to and have taken all appropriate steps to preserve any business

---

[2] Though the Motion discussed the Sigmax Entities potentially amending their Proofs of Claim if the theories of liability in the First Amended Complaint gave rise to a different amount of damages against Kranos, those claims would be pursued as creditors in the context of this Chapter 7 proceeding, rather than claims being prosecuted against Kranos in the California Action.

records and other electronically stored information that the Sigmax Entities have requested Erb to produce in discovery. [*Id.*].

**B.    KRANOS IS NO LONGER AN OPERATIONAL ENTITY, IT IS NOT BEING REORGANIZED, AND ERB HAS NO OPERATIONAL ROLE THEREIN**

At the section 341 meeting of creditors, the Kranos chief reorganization officer testified that Kranos was no longer an operating entity. [Hardeman Decl. ¶ 4]. Kranos' Chapter 7 petition also listed no assets beyond a lease interest and physical inventory belonging to the Sigmax Entities - these assets were subsequently abandoned by the Trustee, and they are no longer assets of the estate. [Docket No. 41]. Kranos also *cannot* be an operating entity, as its assets were transferred to a third-party mezzanine creditor, Innovatus Capital Partners, LLC shortly before the filing of the Chapter 7 petition, and then to a new entity, Certor Sports, LLC. [Hardeman Decl. Exs. 2, 3].

### III.    ARGUMENT

**A.    THE AUTOMATIC STAY DOES NOT APPLY TO NON-DEBTORS SUCH AS ERB OR ANY OTHER NON-DEBTOR SOUGHT TO BE NAMED AS A DEFENDANT IN THE CALIFORNIA ACTION**

It is well recognized in this Circuit that the automatic stay of Section 362 does not apply to non-debtors such as Erb. *In re DESA Holdings Corp.*, 353 B.R. 419, 425 (Bankr. D. Del. 2006) ("It is a tenet of bankruptcy law that the automatic stay provisions of § 362 of the Bankruptcy Code apply only to debtors and do not prevent litigation from proceeding against non-debtors."); *see also In re Uni-Marts*, LLC, 399 B.R. 400, 415 (Bankr. D. Del. 2009) ("In general, only the debtor is afforded the protections of the automatic stay under section 362; conversely, third-parties do not receive the protection of the automatic stay."). Significantly, "the automatic stay is not available to nonbankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *In re Conf. of Afr. Union First Colored Methodist Protestant Church*, 184 B.R. 207, 217 (Bankr. D. Del. 1995).

Accordingly, simply by proceeding against the non-debtor Defendants does not mean that the Kranos estate will be affected in any way.

**B.     THE SIGMAX ENTITIES ARE ENTITLED TO PURSUE DISCOVERY AGAINST THE NON-DEBTORS EVEN IF SUCH DISCOVERY PERTAINS TO THE DEBTOR OR THE ESTATE**

In being permitted to pursue the non-debtor co-defendants of a debtor in State or Federal courts, "discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information could later be used against the debtor." *In re Popple,* 532 B.R. 581, 587 (Bankr. M.D. Penn. 2015) *quoting In re Richard B. Vance and Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003).

The Trustee has made the argument that the Trustee's involvement will somehow be necessary for discovery in the California Action to proceed. However, the Trustee has not submitted any evidence of this, much less explained how the Sigmax Entities' discovery propounded to Erb or to any other non-debtor would require the Trustee's involvement in any respect. Even so, the Sigmax Entities would be entitled to do so, though this does not appear to be necessary given Kranos and Erb's evidentiary preservation obligations. [*See* Hardeman Decl. ¶ 2].

That being said, the Trustee has not identified nor explained what "substantial resources" or "expenses" the estate would incur if the debtor was required to cooperate in a document production or other written discovery. This is a no-asset estate, which begs the question as to what resources the Trustee is referring to when there appear to be no resources in the first place. To the extent that this means that the law firm representing the Trustee on a contingency basis simply has to do more work, that is not an estate asset or resource. Moreover, the Trustee does not make any argument that whatever anticipated avoidance actions he intends to bring would be somehow affected by the California Action.

Even the authority the Trustee relies on for his argument that the estate would be harmed is inapposite. For instance, *Borman v. Raymark Industries, Inc.*, 946 F.2d 1031 (3rd Cir. 1991) involved a Chapter 11 reorganization and thus a need for the "breathing spell" with respect to claims against the debtor that did not involve property of the estate. *Id.* at 1037. Here, there is no Chapter 11 reorganization and no assets to reorganize.

*In re Aleris Int'l, Inc*. 456 B.R. 35 Bankr. D. Del. 2011) involved a Chapter 11 reorganization with respect to unpaid goods that the court concluded were *part of the bankruptcy estate* at a request by a creditor to proceed directly against the debtor for recovery thereof. *Id.* at 47 – 48. That is not the present case, as the Trustee has abandoned the Sigmax Inventory, this is a no-asset Chapter 7 petition with no pending or possible reorganization, and the Sigmax Entities are not requesting relief from stay to proceed directly against the debtor—only non-debtors.

*In re Cook,* 222 B.R. 554 (Bankr. D. Conn. 1999) involved a Chapter 7 petition regarding an unpaid tax debt, the tax obligations had accrued long before the movant sought relief from stay to bring claims directly against the debtor, and "[t]he movant had more than adequate time to take action to litigate the debtor's liability prior to the debtor's bankruptcy filing." *Id.* at 557. That is not the present case either for the same reasons explained *supra*.

C. **THE SIGMAX ENTITIES STAND TO BE PREJUDICED IF THEY ARE NOT ABLE TO PROMPTLY FILE A FIRST AMENDED COMPLAINT IN THE CALIFORNIA ACTION AGAINST NON-DEBTOR THIRD PARTIES**

While the Trustee has not made any showing that the estate would be prejudiced by the Sigmax Entities' prosecution of the California Action against Erb and other non-debtor individuals and entities, the prejudice to the Sigmax Entities would be immense if they are not able to promptly pursue their claims and seek discovery in the California Action. This is because witnesses may become unavailable over the passage of time and documents and electronically stored information lost and/or deleted. [Hardeman Decl. ¶ 5]. This risk is particularly significant given Kranos' Chief Restructuring Officer's testimony at the meeting of creditors that Kranos is no longer operational. [*Id.* ¶ 4].

### III. CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

Dated: July 23, 2021  
       Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*_____  
Mary F. Caloway (DE No. 3059)  
919 North Market Street, 17th Floor  
P. O. Box 8705  
Wilmington, Delaware 19899-8705  
(Courier 19801)  
Telephone: (302) 652-4100  
Email: mcaloway@pszjlaw.com

-and-

**FORTIS LLP**

Eric J. Hardeman (*pro hac granted*)  
Paul R. Shankman (*pro hac granted*)  
650 Town Center Drive, Suite 1530  
Costa Mesa, CA  92626  
Telephone: (714) 839-3800  
Facsimile:  (714) 795-2995  
Email:ehardeman@fortislaw.com;  
pshankman@fortislaw.com

*Counsel for Creditors/Defendants Nippon Sigmax Co. Ltd. and Sigmax America, Inc.*